THE PEOPLE OF THE STATE OF NEW YORK ex rel. 475 FIFTH AVE. CORPORATION, Appellant, *v.* WILLIAM E. WALSH and Others, Constituting the Board of Standards and Appeals of the City of New York, Respondents.

First Department, June 24, 1927.

Municipal corporations — New York city — fire prevention — refusal of certificate of occupancy of relator's buildings based on fact that twenty-seven per cent of floors are covered with linoleum, cork or rubber tiling cemented to finished floor surface — floors are constructed in compliance with Building Code, § 356 — covering is no part of construction — error to refuse certificate.

It was error for the Board of Standards and Appeals of the city of New York to affirm a decision of the superintendent of buildings refusing to issue a certificate of occupancy for the relator's buildings, which refusal was based on the ground that about twenty-seven per cent of the floor area was covered with linoleum, cork or rubber tiling cemented to the finished floor surface, and that such construction violated section 356 of the Building Code which requires fireproof construction of floors.

The covering of the floors is no part of the construction, and since the floors themselves were actually constructed in accordance with the provisions of the Building Code in that no combustible material was used " in " the floors, the refusal to issue a certificate of occupancy was error.

DOWLING, P. J., dissents.

APPEAL by the relator, 475 Fifth Ave. Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York

on the 2d day of April, 1927, dismissing the writ of certiorari and confirming the proceedings and decision of the defendants in affirming the decision of the superintendent of buildings refusing a certificate of occupancy of the building 471–477 Fifth avenue in the borough of Manhattan, city of New York.

*Frederick Hulse* of counsel [*Eidlitz & Hulse,* attorneys], for the appellant.

*Willard S. Allen* of counsel [*F. E. V. Dunn* and *J. Joseph Lilly* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the respondents.

PROSKAUER, J.   The Board of Standards and Appeals of the city of New York affirmed a decision of the superintendent of buildings refusing to issue a certificate of occupancy for the buildings known as 471–477 Fifth avenue, New York city.   The refusal of the municipal authorities to issue the certificate of occupancy was based upon the fact that in this fireproof building, over 150 feet in height, about twenty-seven per cent of the floor area was covered with linoleum, cork or rubber tiling cemented to the finished floor surface.   Concededly, except for this surfacing, the floors were constructed in exact compliance with the provisions of law.   They were made of a four-inch cinder concrete slab, upon which was laid three inches of cinder fill, upon which, in turn, was laid one inch of finished cement.   This constituted a completely fireproof floor.   The Building Code provides (§ 356) that in fireproof buildings, with certain stated exceptions, " no wood work or other combustible material shall be used in the floors, ceilings, partitions, furrings or other interior finish of fireproof buildings."   It further provides that when the height of a building exceeds 150 feet, " the flooring shall be of incombustible material, or of fireproofed wood."   The relator has constructed such fireproof floor, but has placed over twenty-seven per cent thereof the ordinary floor coverings, well known and used for many years in buildings in the city of New York. This section of the Building Code seeks to guard against fire hazard.   If the relator had tacked or cemented to the surface of the floor carpet with paper lining, no criticism could have been made.   The carpet would not be regarded as part of the floor structure.   There is no greater fire hazard in the use of what really is only a carpet of linoleum, rubber tiling or cork.   Such a floor covering is in no true sense a part of the structure of the building; placed upon fireproof concrete and cinder floors, it is a mere furnishing.

It is significant that the prohibition of the statute is against

the use of combustible material " in " the floors and not upon the floors. The intent was to forbid the use of combustible material within the floor structure, but not upon the surface of a completed floor, fireproof in accordance with the ordinance.

In *City of New York* v. *Stewart Realty Co.* (109 App. Div. 702) a similar interpretation of the building ordinance was made by this court, which there held that the prohibition against the use of wood in interior finish did not condemn the use of wooden partitions, shelves, platforms, cases and counters. LAUGHLIN, J., writes: " We are of opinion that this section of the Building Code only applies to the permanent structure. It was neither designed to regulate the use of buildings nor temporary changes and alterations, not materially affecting the permanent outside or partition walls, floors or ceilings, made for the purpose of conducting a particular business therein nor to prevent the use of movable trade fixtures necessary or appropriate for such business. It was evidently intended to insure the construction of fireproof walls, ceilings, floors, and all finish, exterior and interior, forming a permanent part thereof. It is manifest that the object was to guard against the weakening of the walls, floors and ceilings by the combustibility of any part of the material or their construction."

For these reasons we think the order appealed from should be reversed, with fifty dollars costs and disbursements to the appellant, the order of certiorari sustained, the determination of the respondents annulled, and the superintendent of buildings ordered to issue a certificate of occupancy.

FINCH, MARTIN and O'MALLEY, JJ., concur; DOWLING, P. J., dissents.

Order reversed, with fifty dollars costs and disbursements, the order of certiorari sustained, the determination of the respondents annulled, and the superintendent of buildings ordered to issue a certificate of occupancy. Settle order on notice.